IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| MARCIA MARSHALL,<br><br>    Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF ILLINOIS, and MID-CENTURY INSURANCE COMPANY,<br><br>    Defendants. | CV 18-75-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Plaintiff initially filed this action in the Montana Sixth Judicial District Court, Park County, Montana, alleging a class action against Defendants Safeco Insurance Company and Mid-Century Insurance Company. (Doc. 7.) Plaintiff claimed the Defendants unlawfully reduced the payment of damages to Plaintiff, and all those similarly situated, under Montana's collateral source statutes. *Id.* The initial complaint was never served.

  Plaintiff later filed her First Amended Complaint ("FAC") on November 2, 2016, and served the Defendants. (Docs. 8; 6-1 at 1.) The FAC omitted the class claims asserted in the initial complaint. (Doc. 8.).

1

Plaintiff subsequently filed a motion to amend the FAC on April 27, 2018 to again include class allegations. (Doc. 6-1 at 298.) Safeco was served with Plaintiff's motion on April 30, 2018 and immediately filed a notice of removal, seeking to invoke federal jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1453. (Doc. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (Doc. 25.) Safeco has filed an opposition, and Plaintiff has replied. (Docs. 31, 32.) The motion is fully briefed and ripe for the Court's review.

The Court finds this matter is suitable for determination. Having considered the parties' submissions, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED**.

I.   BACKGROUND

Plaintiff originally filed her complaint as a putative class action against Defendants in Montana state court on November 25, 2013. (Doc. 7.) The action concerns an insurance dispute from the settlement of Plaintiff's personal injury claim arising from an automobile accident. *Id.* Specifically, Plaintiff challenged the Defendants' reduction of personal injury settlements based on offsets for payments made by health insurers under Montana's collateral source reduction statutes. *Id.*

Plaintiff never served the complaint on Defendants. Instead, she filed her FAC almost three years later on November 2, 2016. (Doc. 8.) The FAC differs from the initial complaint, in relevant part, by omitting all class action allegations. *Id.* Defendants were served with the FAC, and thereafter moved to dismiss the case. The state court granted their motion, and Plaintiff appealed to the Montana Supreme Court. (Doc. 13.) The Montana Supreme Court reversed and remanded the case back to the state district court on March 13, 2018. *See Marshall v. Safeco Ins. Co. & Mid-Century Ins. Co.*, 413 P.3d 828 (Mont. 2018).

On March 29, 2018, Plaintiff notified Defendants of her intent to amend the FAC to include class claims. (Docs. 31 at 4; 31-5 at 2.) Plaintiff emailed a copy of her motion to amend and the proposed second amended complaint to Defendants on April 3, 2018. *Id.* Plaintiff filed her motion to amend and supporting brief on April 27, 2018, and attached a copy of the proposed second amended complaint. (Doc. 6-1 at 298.) Safeco was served with Plaintiff's motion on April 30, 2018, and removed the case to this Court that same day. (Doc. 1.) At the time of Safeco's removal, the state court had not acted on the motion to amend.

After removal, Defendants moved for an extension of time to respond to Plaintiff's motion to amend her complaint. (Doc. 3.) This Court noted that, pursuant to District of Montana Local Rule 3.3(a), Plaintiff's motion to amend and any other motion pending before the state court were automatically terminated

3

upon removal from state court. (Doc. 18.) This Court explained that Plaintiff would be required to refile her motion in this Court. *Id.* Plaintiff did not refile the motion. Instead, Plaintiff filed the pending motion to remand. (Doc. 25.)

In support of her motion to remand, Plaintiff contends Safeco's removal was premature. (Doc. 26 at 5.) Plaintiff argues this Court does not have jurisdiction because Safeco removed the case based on a proposed amended complaint. *Id.* at 7. Plaintiff cites several district court decisions within the Ninth Circuit to support her assertion that a proposed amended complaint does not provide a sufficient basis for federal court jurisdiction. *Id.* Plaintiff contends the state court must grant the motion to amend before the case is ripe for removal. *Id.* at 8.

Plaintiff argues that, since the state court had not acted on the motion to amend, Safeco's removal was based on the FAC. *Id.* Plaintiff asserts the FAC does not give this Court subject matter jurisdiction because it does not contain class action allegations, a claim for punitive damages, or allege an amount in controversy greater than $75,000. *Id.* at 5-6.

In response, Safeco argues its removal was timely. (Doc. 31 at 5.) Safeco points to conflicting law within the Ninth Circuit concerning whether a proposed amended complaint triggers removal. *Id.* Because those cases have applied other trigger dates for removal based on the parties' informal communications, Safeco

4

argues a proposed amended complaint could also properly trigger removal. *Id.* at 7.

Safeco further challenges that much of the case law relied on by Plaintiff concerns proposed amended complaints adding a federal claim, thereby raising federal question jurisdiction. *Id.* at 8. Unlike federal question jurisdiction, Safeco argues that jurisdiction arises under CAFA when defendants have sufficient notice that the amount in controversy, diversity, and class size satisfy the requirements for federal jurisdiction. *Id.* at 9. Considering the unsettled law in this area, Safeco explains it opted to take a conservative approach and remove the case, eliminating the risk of an untimely removal. *Id.*

## II. DISCUSSION

### A. Legal Standards

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). CAFA vests federal courts with original jurisdiction over class actions where: (1) there is minimal diversity of citizenship between the parties; (2) the proposed class has at least 100 members; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332(d), 1453; *Kuxhausen v. BMW Fin. Servs. NA, LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). A class action is "any civil action filed under rule

23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

The presumption against removal jurisdiction does not apply in cases invoking CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (noting Congress intended CAFA to be interpreted expansively). Nevertheless, "under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Timeliness of removal is governed under 28 U.S.C. § 1446(b). The statute provides two thirty-day windows for removing a case. The first window allows a case to be removed during the first thirty days after the defendant receives the initial pleading "setting forth the claim for relief upon which such action or proceeding is based." *Id.* (quoting 28 U.S.C. § 1446(b).) If the initial pleading is not removable, the second window allows notice of removal to be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). These removal periods are only triggered when the grounds for removal are evident from the face of the pleading or other paper. *Harris v.*

*Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005.) *See also Kuxhausen*, 707 F.3d 1136 (9th Cir. 2013) (stating removals under CAFA are equally subject to the *Harris* rule).

**B. Analysis**

It is undisputed that the FAC did not reveal a basis for removal, and therefore, the first thirty-day window was inapplicable. The parties disagree, however, as to whether the second window was triggered when Plaintiff filed her proposed second amended complaint. As noted above, Safeco claims receipt of the proposed amended complaint was sufficient to trigger removal; Plaintiff maintains the state court must actually grant the Plaintiff's motion to amend.

The Ninth Circuit has not precisely addressed this issue. "However, a majority of the courts that have confronted this issue in the context of a motion to amend a complaint have held that a proposed amended complaint cannot serve as the basis for removal and does not trigger the thirty-day window for filing a notice of removal under § 1446(b)." *Lion Raisins, Inc. v. Fanucchi*, 788 F.Supp.2d 1167, 1172-73 (E.D. Cal. 2011). Courts following this rule agree that removal jurisdiction ripens when the state court judge grants a plaintiff's motion to amend. *Id.* As stated in *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998):

> Until the state judge grant[s] the motion to amend, there [is] no basis for removal. Until then, the complaint [does] not state a federal claim. It might never state a claim, since the state judge might deny the motion. The statutory language that we quoted [28 U.S.C. § 1446(b)] speaks of a motion

7

or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge.

The majority view has been followed in this district. See *Fuss v. Blue Cross*, 2012 WL 12930424 *6 (D. Mont. Sept. 10, 2012). It has also been followed by the clear majority of other district courts in the Ninth Circuit. *See e.g., Universal Semiconductor, Inc., et al., v. Tuoi Voi, et al.*, 2017 WL 2719987, *2 (N.D. Cal. Feb. 9, 2017) ("[t]his Court finds that the majority rule is a rational and fair application of the removal statute"); *Torres v. Chevron U.S.A., Inc.,* 2004 WL 2348274, *2 (N.D. Cal. Oct. 18, 2003) (finding removal is only proper after the motion to amend has been granted); *Jones v. G2 Secure Staff, LLC*, 2017 WL 877293, *3 (C.D. Cal. Mar. 6, 2018) ("the [proposed first amended complaint] had no legal effect for purposes of removal. The original filed Complaint was the operative pleading at the time of removal."); *MySpine, PS v. USAA Cas. Ins. Co.*, 2014 WL 2860682, *4 (W.D. Wash. June 23, 2014) ("[v]irtually every court to consider the issue has held that a case is not removable based on the new portions of an amended complaint until the state court issues an order allowing that complaint to be filed.")

Nevertheless, Safeco points to other district court decisions which have not followed the majority rule. Safeco also points out that most of the cases adopting the majority rule involve a plaintiff adding a federal claim through a proposed

8

amended complaint, thereby raising federal question jurisdiction for the first time. The rationale behind the majority rule in the federal question context is that "there is simply no such thing as contingent subject matter jurisdiction." *Brewer v. Hatton*, 2017 WL 3635824, at *1 (N.D. Cal. Aug. 24, 2017) (internal quotations omitted.) Thus, a plaintiff's intention of adding a claim is insufficient where leave to amend has not yet been granted. *Id.* Safeco argues this is not true under CAFA, where jurisdiction "arises when the defendants have sufficient notice that the jurisdictional prerequisites (amount in controversy, diversity, class size) are satisfied." (Doc. 31 at 9.).

Safeco is correct that jurisdiction under CAFA may arise independently from the filing of an amended complaint. It may arise, for example, when a party discovers that a class action is removable based on its own investigation of the jurisdictional requirements. *Roth v. CHA Hollywood Med. Ctr.,* 720 F.3d 1121, 1123 (9th Cir. 2013.) Therefore, it is possible that federal jurisdiction under CAFA may exist even if a proposed amended complaint fails to become operative because a defendant may remove if its own investigation of the original claim reveals facts satisfying CAFA jurisdiction.

In *Jian-Ming Zhao v. RelayRides, Inc.,* 2017 WL 6336082, *13 (N.D. Cal. Dec. 12, 2017), for example, the court recognized that the majority rule may not apply in a CAFA case "where the question is not when the action actually became

removable but rather, when Defendants had sufficient *notice* that CAFA's requirements – here, the size of the class and the amount in controversy – were met." *Id.* at *13 (emphasis in original).  The court distinguished removal under CAFA from "a case in which removal was based on the existence of a federal question, where there is no federal jurisdiction until a federal claim is actually asserted." *Id.*  When a potential CAFA claim is asserted, the court found "no reason why receipt of a proposed amended complaint clarifying the jurisdictional facts associated with *existing* claims could not be considered" as a basis for removal.  *Id.* (emphasis in original).

But that is not the case here.  Unlike this case, the initial complaint in *Jian-Ming Zhao* contained class allegations which could potentially bring the claim within CAFA jurisdiction.  The proposed amended complaint in that case served to clarify the jurisdictional facts in the initial class action complaint.   Conversely, the FAC in this case did not state a class action.  Therefore the proposed second amended complaint is not simply clarifying jurisdictional facts, it is adding class claims that were not previously asserted.  In this situation, jurisdiction under CAFA could not arise unless, and until, Plaintiff is granted leave to amend her complaint to include class allegations.  Therefore, just as in the federal question context, Plaintiff has not stated a federal claim until the state court grants leave to file the second amended complaint.

Following the rationale of other district courts in this circuit, the Court will not depart from the majority rule. The Court notes there are other decisions in this circuit which have declined to follow the majority rule, and also that the rule's application to cases removed under CAFA jurisdiction may, at times, require a different analysis than cases removed under federal question jurisdiction. Nevertheless, under these facts, removal was premature because the state court had not yet granted plaintiffs motion to amend, and federal jurisdiction did not exist under the FAC. To hold otherwise would usurp the state court's power to grant or deny the motion to amend, and require the Court to simply assume the state court would grant the motion. Federal courts are courts of limited jurisdiction. 28 U.S.C. §§ 1331, 1332. "The requirement that jurisdiction be established is a threshold matter . . . is inflexible and without exception . . . [j]urisdiction is the power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

Therefore, consistent with the majority rule, removal was not triggered by Plaintiff's proposed second amended complaint. The proposed second amended complaint could not authorize removal because it was never granted by the state court. The FAC was the operative pleading at the time of removal, and it does not allege a class action. Therefore, removal was not proper.

///

## III.   CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED.**

DATED this 6th day of November, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge